IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Willie Buckhana (A-92929), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 5946 |
| v. | ) | |
| | ) | Judge Mary M. Rowland |
| | ) | |
| Tarry Williams, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for attorney representation [20] is denied without prejudice to his renewing the motion later in the case.

## STATEMENT

Plaintiff Willie Buckhana, a prisoner confined at the Stateville Correctional Center ("Stateville") brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been subjected to unconstitutional conditions of confinement at Stateville. Now before the Court is Plaintiff's motion for attorney representation.

The motion is denied without prejudice at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support

his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. It appears that Plaintiff has made some unsuccessful efforts to obtain counsel on this own. However, the Court finds that Plaintiff is competent to represent himself at this stage of the case.

Plaintiff states in his motion that he has a sixth grade education, and has trouble understanding words. Another inmate was helping Plaintiff read his mail, but that inmate has been released. Plaintiff also states that he needs counsel to help him take depositions.

Although Plaintiff has a limited education, this case is not particularly factually complicated. It involves alleged conditions that Plaintiff personally observed at Stateville – the facility where he remains incarcerated – such as pervasive birds, insects, and vermin in the cell houses. It appears that Plaintiff drafted the complaint, which is detailed and coherent, and he has been able to communicate with the Court to date and follow the Court's instructions in regard to service.

In regard to discovery, Plaintiff may seek documents and information by forwarding interrogatories (written questions) and requests for production of documents to Defendant's attorney. *See* Rules 33 and 34 of the Federal Rules of Civil Procedure. Plaintiff's discovery requests should seek information and documents that he thinks would establish that Defendants acted with deliberate indifference to the cell conditions, i.e. that they were aware of the unsanitary conditions, but failed to take reasonable action to address them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

Should Plaintiff's circumstances change, or should the case proceed to a point where the assistance of counsel is more pressing, Plaintiff may renew his motion and the Court will consider whether the motion should be granted in light of the changed circumstances.

Dated: February 25, 2016                            *Mary M Rowland*