IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Willie Buckhana (A-92929), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 5946 |
| v. | ) | |
| | ) | Judge Mary M. Rowland |
| | ) | |
| Tarry Williams, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's oral renewed motion for attorney representation, made at the June 2, 2016, status hearing, is denied without prejudice.

## STATEMENT

Plaintiff Willie Buckhana, a prisoner confined at the Stateville Correctional Center ("Stateville") brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been subjected to unconstitutional conditions of confinement at Stateville. Now before the Court is Plaintiff's renewed motion for attorney representation.

At the June 2, 2016, status hearing, Plaintiff renewed his motion for attorney representation, telling the Court that he could not get the paperwork that he needed from the state to support his claims. At that time, the Court directed the Defendants to provide to the Court a copy of their discovery responses to the Plaintiff. The Court also gave Plaintiff until July 8, 2016, to file a motion to compel further discovery from the Defendants. (*See* Dkt. No. 40.)

Plaintiff's renewed motion for attorney representation is denied without prejudice at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination

regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. As the Court noted in its February 25, 2016, order denying Plaintiff's previous motion for counsel, it appears that Plaintiff has made some unsuccessful efforts to obtain counsel on this own. However, the Court finds that Plaintiff is competent to represent himself at this stage of the case.

Although Plaintiff's previous motion for counsel indicates that he has a limited education, this case is not particularly factually complicated. It involves alleged conditions that Plaintiff personally observed at Stateville – the facility where he remains incarcerated – such as pervasive birds, insects, and vermin in the cell houses. While Plaintiff contends that the vermin and insects posed a risk of harm to his health, the only ill health effect alleged in the complaint is that the alleged cockroach infestation aggravated his allergies. Therefore, it does not appear that this case involves complex medical issues.

So far, Plaintiff's pleadings and motions have been coherent, and he has been able to follow the Court's instructions and participate in discovery. Should Plaintiff bring a motion to compel, the Court will review and address his concerns regarding the sufficiency of Defendants' discovery responses at that time.

Dated: June 29, 2016            *Mary M Rowland*